NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 18-415 (SRC) |
| v. | : | |
| BRAULIO BATISTA | : | OPINION |

**CHESLER**, District Judge

This matter comes before the Court on the motion filed <u>pro se</u> by Defendant Braulio Batista ("Defendant" or "Batista") to amend the October 24, 2018 Presentence Investigation Report (the "PSR"). The United States of America (the "Government") has opposed Defendant's motion. The Court has reviewed the papers filed by the Parties and proceeds to rule on the motion without oral argument. <u>See</u> Fed. R. Civ. P. 78(b). For the reasons that follow, Defendant's motion will be denied.

I. **FACTUAL BACKGROUND**

On July 6, 2018, Batista entered into a Rule 11(c)(1)(C) plea agreement (the "Plea Agreement") with the Government pursuant to which he agreed to plead guilty to a two-count Information charging him with: (i) possession with intent to distribute cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) ("Count One"); and (ii) forcibly assaulting, impeding, intimidating, and interfering with a postal inspector employed by the United States Postal Inspection Service in violation of Title 18, United States Code, Section 111(a)(1)

("Count Two"). (ECF No. 13.) On July 18, 2018, Batista pleaded guilty to Count One of the Information. (ECF No. 14.) At the plea hearing, the Court dismissed Count Two. (ECF No. 14.)

On October 23, 2018, Marc Calello, counsel for Defendant, emailed probation officer Albert Flores with comments regarding the draft PSR. (ECF No. 57-2 (the "October 23 Letter").) In the October 23 Letter, counsel made three comments, one of which stated:

> [The paragraph within the PSR] containing the information in the plea agreement is correct, however, notwithstanding, the actual plea indicates, as Mr. Flores does as well, Count 2 of information was dismissed by the court. Therefore, any information and resultant analysis including but not limited to statements about sentencing should be disregarded as to Count 2.

(ECF No. 57-2.) The record does not indicate whether Officer Flores made any changes to the PSR in response to counsel's October 23 Letter.

On November 7, 2018, the Court held a sentencing conference at which both Defendant and the Government objected to the PSR on the grounds that the guideline sentencing range, as identified in the PSR, was contrary to the sentence stipulated under the Plea Agreement. (ECF No. 51 2:19–3:2.) At the hearing, Defense counsel represented that, apart from the foregoing objection, "the rest of the [PSR] is intact and factually correct." (ECF No. 51 3:25–4:1-3.) For reasons irrelevant to the instant motion, sentencing was adjourned to November 29, 2018, at which time the Court sentenced Batista to a term of 60 months' imprisonment, consistent with the term described in the Plea Agreement. (ECF No. 17.)

On March 22, 2021, Batista filed this motion to amend his PSR and on June 14, 2021, submitted supplemental briefing on the motion. (ECF Nos. 57, 64.) The Government responded in opposition to the motion on June 25, 2021. (ECF No. 66.)

## II. ARGUMENT

In making this motion, Defendant asserts that he understood that "Count 2 of the Information was to be dismissed in full and that [the PSR] was to be corrected to reflect the actual terms upon which [Defendant] had agreed to." (Mot. at 3.) Defendant continues that "this issue is not accurately reflected in the [PSR]" and that, for purposes of the Residential Drug Abuse Program offered by the Bureau of Prisons, he is "classified as a 'violent' offender based off the misinformation contained inside of his [PSR]." (Mot. at 3.) He ultimately requests an amendment to the PSR "to reflect the actual plea agreement arranged by his Defense Counsel." (Mot. at 3.)

The Government notes that the PSR accurately reflects the fact that Defendant only pled guilty to Count One and that Count Two was dismissed during Batista's guilty plea. (See PSR at ¶¶ 1–3 ("Count Two was dismissed at the time of the plea.").) On this basis the Government claims to be "unsure" of which aspect of the PSR Defendant now seeks to amend. (Opp. at 1.) While the Government is correct that the PSR does not contain factual inaccuracies, the Court will not view Defendant's motion so narrowly: Defendant challenges the inclusion within the PSR of the facts surrounding Count Two, on the grounds that Count Two was dismissed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (liberally construing filings by a pro se litigant).

No matter how liberally the Court construes Defendant's argument, however, it must fail. Nothing in the record supports Defendant's understanding that the Court was prohibited from considering the facts of Count Two. Contrary to Defendant's assertions, the Plea Agreement is perfectly clear that the facts underlying Count Two could be—and would be—considered at his sentencing. (See Plea Agreement at 3 (the Government and Defendant "agree to stipulate at sentencing to the statements set forth in the attached Schedule A"); Schedule A (Defendant "voluntarily and intentionally forcibly assaulted an officer or employee of an agency or branch of

3

the" Government and the "forcible assault involved physical contact with" the victim).) While the Court dismissed Count Two on July 18, 2021, the Plea Agreement—and the stipulations regarding Defendant's conduct—remained unchanged.[1]

More importantly, though, the Government and Defendant do not have the authority to keep information out of the PSR. "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3577. A sentencing judge must have "the fullest information possible concerning the defendant's life and characteristics," Williams v. New York, 337 U.S. 241, 247 (1949) (footnote omitted), so that "the punishment fits not only the crime, but the defendant as well," United States v. Baylin, 696 F.2d 1030, 1038–39 (3d Cir. 1982). "The essential purpose of this report is to fully inform the sentencing judge about all relevant matters so that the sentence imposed is just for the crime committed and suitable for the particular defendant." Coleman v. Rafferty, No. CIV.A. 85-4339, 1986 WL 11672, at *6 (D.N.J. Oct. 15, 1986). To accomplish this goal, a presentence report is prepared by a probation officer, see Fed. R. Crim. P. 32, who is an employee of the Judicial Branch and not accountable to the prosecution or defense.

It is well-established that uncharged conduct—and even conduct underlying charges that have been acquitted—may be included within a presentence report for the Court's consideration at sentencing. U.S. v. Grier, 475 F.3d 556, 568 (evidence of conduct on uncharged or acquitted

---

[1] To the extent Defendant's challenge can be construed to mean that the Court expressly declined to consider at sentencing the conduct underlying the dismissed Count Two, it is unsupported by the record. (See generally ECF Nos. 49, 51.)

counts can be relevant conduct for purposes of making guideline calculations). While the October 23 Letter asserts that "any information and resultant analysis" concerning Count Two "should be disregarded," Probation is not required to accept Defendant's objections. Fed. R. Crim. P. 32(f)(3) ("After receiving objections, the probation officer <u>may</u> . . . revise the presentence report as appropriate.") (emphasis added). Accordingly, there was nothing improper with the inclusion of the relevant facts within the PSR.

Furthermore, the uncharged conduct here—the assault of a U.S. Postal Inspector—occurred while Defendant attempted to flee from law enforcement while being apprehended in connection with Count One. Even if, <u>arguendo</u>, the Court could be prohibited from considering information regarding Count Two, the facts and circumstances arising from the uncharged conduct are relevant and inextricably linked to the conduct properly before the Court at sentencing regarding Count One.[2]

For the reasons discussed, Plaintiff's motion will be denied. An appropriate Order will issue.

          s/ Stanley R. Chesler
          STANLEY R. CHESLER
          United States District Judge

Dated: July 8, 2021

---

[2] The Government also argues, persuasively, that this Court does not have jurisdiction to consider this post-sentencing challenge to the PSR. See <u>United States v. Miller</u>, No. 14-4297, 2016 WL 1086348, at *1 (2d Cir. Mar. 21, 2016) ("Rule 32 allows parties to object to a PSR prior to sentencing, but does not provide a basis for amending a PSR after the imposition of sentence.").